**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>            Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>            Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:20-cv-335<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT**
**INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Microsoft Corporation ("Microsoft" or "Defendant") and alleges:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

**THE PARTIES**

2.      Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3.      On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.      On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

5.      On information and belief, Microsoft has had regular and established places of business in this judicial district since at least 2002.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has specific and general personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute, because Microsoft has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum. For example, on information and belief, Microsoft has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9.      Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b).

10.     This district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6-19-cv-00572 (*Zeroclick, LLC v. Microsoft Corporation*); 6-19-cv-00687 (*Exafer, Ltd. v. Microsoft Corporation.*); and 6-19-cv-00399 (*Neodron Ltd. v. Microsoft Corporation*).

9

11.     On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations.

12.     On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

13.     On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

14.     On information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and "Microsoft Retail Store: The Domain" located at  3309 Esperanza Crossing, Suite 104 Austin, Texas  78758.



https://www.microsoft.com/en-us/about/officelocator?Location=78759

15.     On information and belief, Microsoft's "Corporate Sales Office: Austin" and "Microsoft Retail Store: The Domain" locations were respectively assessed by the Travis County Appraisal District in 2019 to have market values of over $2.3 million dollars and $2.7 million dollars.



http://propaccess.traviscad.org/clientdb/SearchResults.aspx

16.     On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258.



Source: Google Maps

9

17.     On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, Texas 78251; 5200 Rogers Road, San Antonio, Texas 78251; 3823 Weisman Boulevard, San Antonio, Texas 78251; and 15000 Lambda Drive, San Antonio, Texas 782245.

18.     On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business. As a non-limiting example, the data centers in San Antonio are referred to within Microsoft as "US Gov Texas."

19.     On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 7,388,868

20.     Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

21.     On June 17, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,388,868 ("the '868 Patent"), entitled "Call-Routing Apparatus, and Associated Method, for Providing Local Call Handling Functions in a Communication Network." A true and correct copy of the '868 Patent is attached as Exhibit A to this Complaint.

22.     Brazos is the owner of all rights, title, and interest in and to the '868 Patent, including the right to assert all causes of action arising under the '868 Patent and the right to any remedies for the infringement of the '868 Patent.

23.     Microsoft makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, voice

telephony services, including Enterprise Voice services on Microsoft Skype for Business Server (collectively, the "Accused Products").

24.     Skype for Business, for example, was developed by Microsoft and provides a communication network for audio calls among other functions.  Skype for Business Server offers on-premises Enterprise Voice options for users to integrate the telephone system of their organization with the Skype for Business Server deployment. Skype for Business services allow users to initiate voice calls with other users, both inside and outside of an organization and to dial 9-1-1 in emergencies.  Users can use Microsoft Cloud PBX services, including PBX services and PSTN calling, by connecting their on-premises telephony infrastructure to services provided by Skype for Business Online.

> Skype for Business Server offers two on-premises Enterprise Voice options—Enterprise Voice and Call Via Work—for you to integrate the telephone system of your organization with your Skype for Business Server deployment, making for a true unified communications solution. Both options enable users to use their Skype for Business client to initiate voice calls with other users, both inside and outside of your organization.
>
> You can also take advantage of Microsoft Cloud PBX services, including PBX services and PSTN calling, by connecting your on-premises telephony infrastructure to services provided by Skype for Business Online. For more information, see Microsoft telephony solutions.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

25.     Skype for Business Server supports both central sites and branch sites. Branch site options include deploying Survivable Branch Appliances or Survivable Branch Servers.  Voice resiliency refers to the ability of users to continue making and receiving calls if a central site that hosts Skype for Business Server becomes unavailable, whether through a wide area network (WAN) failure or another cause. If a central site fails, Microsoft designed its Enterprise Voice service to continue uninterrupted through failover to a backup site. In the event of a WAN failure, branch site calls are redirected to a local PSTN gateway.

Voice resiliency refers to the ability of users to continue making and receiving calls if a central site that hosts Skype for Business Server becomes unavailable, whether through a wide area network (WAN) failure or another cause. If a central site fails, Enterprise Voice service must continue uninterrupted through seamless failover to a backup site. In the event of WAN failure, branch site calls must be redirected to a local PSTN gateway. This section discusses planning for voice resiliency in the event of central-site or WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

After the Skype for Business client connects to the Front End pool, it is directed by the load balancer to one of the Front End Servers in the pool. That Front End Server, in turn, redirects the client to a preferred Registrar in the pool.

Each user enabled for Enterprise Voice is assigned to a particular Registrar pool, which becomes that user's primary Registrar pool. At a given site, hundreds or thousands of users typically share a single primary Registrar pool. To account for the consumption of central site resources by any branch site users that rely on the central site for presence, conferencing, or failover, we recommend that you consider each branch site user as though the user were a user registered with the central site. There are currently no limits on the number of branch site users, including users registered with a Survivable Branch Appliance.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

     26.    The Skype for Business platform contains a Front End Server controller at the central sites of the network that manage the registration of the calls and routing of the call in the network in normal operations.  The users can be registered with the central site.

After the Skype for Business client connects to the Front End pool, it is directed by the load balancer to one of the Front End Servers in the pool. That Front End Server, in turn, redirects the client to a preferred Registrar in the pool.

Each user enabled for Enterprise Voice is assigned to a particular Registrar pool, which becomes that user's primary Registrar pool. At a given site, hundreds or thousands of users typically share a single primary Registrar pool. To account for the consumption of central site resources by any branch site users that rely on the central site for presence, conferencing, or failover, we recommend that you consider each branch site user as though the user were a user registered with the central site. There are currently no limits on the number of branch site users, including users registered with a Survivable Branch Appliance.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

     27.    If the connection between the central site and a branch site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to

the PSTN.

> If the branch site's WAN connection to a central site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN. Branch site users who connect from home or other remote locations will be able to register with a Registrar server at a central site if the WAN link to the branch site is unavailable. These users will have full unified communications functionality, with the one exception that inbound calls to the branch site will go to voice mail. When the WAN connection becomes available, full functionality should be restored to branch site users. Neither the failover to the Survivable Branch Appliance nor the restoration of service requires the presence of an IT administrator.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

     28.     Resilient Enterprise Voice refers to branch-site resiliency, that is, the ability to provide continuous Enterprise Voice service to branch site users in the event that the link to the central site becomes unavailable. Local gateways are deployed at local branches. The Survivable Branch Appliance routes all emergency calls such as a 911 call (or other internal or external calls) to the local branch gateway in case of the communication failure between branch site and central site.

- E9-1-1 emergency calling enables the authorities who answer 911 calls to determine the caller's location from his or her telephone number.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

- Enhanced 9-1-1 (E9-1-1)

> If E9-1-1 is deployed, and the SIP trunk at the central site is not available because the WAN link is down, then the Survivable Branch Appliance will route E9-1-1 calls to the local branch gateway. To enable this feature, the branch-site users' voice policies should route calls to the local gateway in the event of WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

     29.     Microsoft allows to administrators to create dialing plans and voice policies for branch site users to correctly route the calls. To make an internal call within a branch, a setup can

allow users to just dial an extension number. When the WAN link between a branch site and central site is unavailable, a call from a branch site can be routed over the PSTN when normalization and translation rules are specified.

Normalization rules and translations rules that match Line URIs that contain an extension number, whether exclusively or in addition to a full E.164 phone number, have additional requirements. This section describes several example scenarios to route calls for Line URIs with an extension number.

If your organization does not have Direct Inward Dial (DID) phone numbers configured for individual users and the Line URI of each user is configured with only an extension number, internal users can call one another by dialing only an extension number. However, you must configure normalization rules that can apply to calls from a branch site user to a central site user, that match the extension numbers.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

You must also accommodate extension numbers for specific scenarios, such as when the WAN link between a branch site and central site is unavailable and a call from a branch site must be routed over the PSTN. During a WAN outage, if a branch site user calls a central site user only by dialing the central site user's extension, you must have an outbound translation rule that adds the central site user's full phone number. If a user's Line URI contains your organization's full phone number and the user's unique extension number instead of a full phone number that is unique to the user, then you must have an outbound translation rule that adds your organization's full phone number instead. For example:

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

      30.    The PSTN is coupled to a Survivable Branch Appliance. If the branch site's WAN connection to a central site becomes unavailable, the internal branch continues to be registered

with the Survivable Branch Appliance Registrar and obtains uninterrupted voice service by using

the Survivable Branch Appliance connection to the PSTN.

If the branch site's WAN connection to a central site becomes unavailable, internal branch users continue to be registered with the Survivable Branch Appliance Registrar and obtain uninterrupted voice service by using the Survivable Branch Appliance connection to the PSTN. Branch site users who connect from home or other remote locations will be able to register with a Registrar server at a central site if the WAN link to the branch site is unavailable. These users will have full unified communications functionality, with the one exception that inbound calls to the branch site will go to voice mail. When the WAN connection becomes available, full functionality should be restored to branch site users. Neither the failover to the Survivable Branch Appliance nor the restoration of service requires the presence of an IT administrator.

https://docs.microsoft.com/en-s/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

31.     When the Survivable Branch Appliance receives any call by extension number

destined for the internal branch user, it routes the call to the user and the call gets connected. If the

call is destined for an external user, the call is routed using rules based on the extension number.

Users can also dial a PSTN number to make a call, in case of failure between central site and

branch site.  For a 9-1-1 call, when the WAN link between a branch site and central site is

unavailable, a call from a branch site can be routed to the local branch gateway over the PSTN.

- Enhanced 9-1-1 (E9-1-1)

  If E9-1-1 is deployed, and the SIP trunk at the central site is not available because the WAN link is down, then the Survivable Branch Appliance will route E9-1-1 calls to the local branch gateway. To enable this feature, the branch-site users' voice policies should route calls to the local gateway in the event of WAN failure.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

Normalization rules and translations rules that match Line URIs that contain an extension number, whether exclusively or in addition to a full E.164 phone number, have additional requirements. This section describes several example scenarios to route calls for Line URIs with an extension number.

If your organization does not have Direct Inward Dial (DID) phone numbers configured for individual users and the Line URI of each user is configured with only an extension number, internal users can call one another by dialing only an extension number. However, you must configure normalization rules that can apply to calls from a branch site user to a central site user, that match the extension numbers.

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

You must also accommodate extension numbers for specific scenarios, such as when the WAN link between a branch site and central site is unavailable and a call from a branch site must be routed over the PSTN. During a WAN outage, if a branch site user calls a central site user only by dialing the central site user's extension, you must have an outbound translation rule that adds the central site user's full phone number. If a user's Line URI contains your organization's full phone number and the user's unique extension number instead of a full phone number that is unique to the user, then you must have an outbound translation rule that adds your organization's full phone number instead. For example:

https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbs2019toc/toc.pdf?branch=live

32.     In view of preceding paragraphs, each and every element of at least claim 1 of the '868 Patent is found in the Accused Products.

33.     Microsoft has and continues to directly infringe at least one claim of the '868 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

34.     Microsoft has received notice and actual or constructive knowledge of the '868 Patent since at least the date of service of this Complaint.

35.     Since at least the date of service of this Complaint, through its actions, Microsoft has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '868 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://support.office.com/en-us/article/change-your-presence-status-in-skype-for-business-9b64eef5-47b8-46d8-a744-f490e6f88feb
- https://support.office.com/en-us/article/control-access-to-your-presence-information-in-skype-for-business-fea86e34-60cf-4dd0-bfb2-169a42afd92c

- https://docs.microsoft.com/en-us/powershell/module/skype/get-csadminrole?view=skype-ps
- https://docs.microsoft.com/en-us/powershell/module/skype/set-csprivacyconfiguration?view=skype-ps
- https://docs.microsoft.com/en-us/SkypeForBusiness/opbuildpdf/sfbotoc/TOC.pdf?branch=live
- https://docs.microsoft.com/en-us/skypeforbusiness/set-up-skype-for-business-online/configure-presence-in-skype-for-business-online
- https://support.office.com/en-us/article/change-your-presence-status-in-skype-for-business-9b64eef5-47b8-46d8-a744-f490e6f88feb

36.    Since at least the date of service of this Complaint, through its actions, Microsoft has contributed to the infringement of the '868 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '868 Patent. The Accused Products are especially made or adapted for infringing the '868 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '868 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A)    Enter judgment that Microsoft infringes one or more claims of the '868 Patent literally and/or under the doctrine of equivalents;

(B)    Enter judgment that Microsoft has induced infringement and continues to induce infringement of one or more claims of the '868 Patent;

(C)    Enter judgment that Microsoft has contributed to and continues to contribute to the infringement of one or more claims of the '868 Patent;

(D)        Award Brazos damages, to be paid by Microsoft in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Microsoft of the '868 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E)        Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F)        Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: April 28, 2020                              Respectfully submitted,

                                        */s/ James L. Etheridge*
                                        James L. Etheridge
                                        Texas State Bar No. 24059147
                                        Ryan S. Loveless
                                        Texas State Bar No. 24036997
                                        Travis L. Richins
                                        Texas State Bar No. 24061296
                                        ETHERIDGE LAW GROUP, PLLC
                                        2600 E. Southlake Blvd., Suite 120 / 324
                                        Southlake, Texas 76092
                                        Telephone: (817) 470-7249
                                        Facsimile: (817) 887-5950
                                        Jim@EtheridgeLaw.com
                                        Ryan@EtheridgeLaw.com
                                        Travis@EtheridgeLaw.com

                                        **COUNSEL FOR PLAINTIFF**